IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARY DELL MACVITTIE                                                    PLAINTIFF

vs.                                    Civil No. 2:11-cv-02240

MICHAEL J. ASTRUE                                                     DEFENDANT
Commissioner, Social Security Administration

### <u>MEMORANDUM OPINION</u>

Mary Dell MacVittie ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented

to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability application on December 8, 2009.  (Tr. 8, 123-126).

Plaintiff claims to be disabled due to back pain, chronic bronchitis, and depression.  (Tr. 146).

Plaintiff alleges an onset date of August 18, 2009.  (Tr. 123).  This application was denied initially

and again upon reconsideration.  (Tr. 58-59).  Thereafter, Plaintiff requested an administrative

hearing on her application, and this hearing request was granted.  (Tr. 79-87).  Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

administrative hearing was held on September 30, 2010 in Fort Smith, Arkansas.  (Tr. 22-57).  Only Plaintiff testified at the hearing in this matter.  *Id.*

On April 8, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 8-17).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 8, 2009, her application date.  (Tr. 10, Finding 1).  The ALJ determined Plaintiff had the following severe impairments: major depressive disorder and personality disorder with borderline and obsessive features.  (Tr. 10, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 10-12, Finding 3).

The ALJ determined Plaintiff was forty-two (42) years old on her alleged disability onset date.  (Tr. 15, Finding 6).  Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI).  *Id.*  Further, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 15, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-15, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to work where interpersonal contact is routine but superficial, e.g. grocery checker.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff did not retain the capacity to perform any of her PRW. (Tr. 15, Finding 5). The ALJ also evaluated whether Plaintiff retained the capacity to perform other work existing in the national economy, considering her age, education, work experience, and RFC. (Tr. 16, Finding 9). Based upon Medical-Vocational Guidelines ("Grids") Rule 204.00, the ALJ determined there were a significant number of jobs in the national economy Plaintiff could perform. *Id.* Because Plaintiff was found to be able to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 8, 2009 (her application date) through April 8, 2011 (ALJ's decision date). (Tr. 16, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 113). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 12, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 23, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises the following claims: (1) the ALJ improperly evaluated

her mental impairments; (2) the ALJ incorrectly applied the rule regarding acceptable medical

sources; (3) the ALJ inadequately developed the record; (4) the ALJ improperly determined she

could perform other work without providing supporting testimony from a vocational expert; and (5)

the ALJ erred in evaluating her physical impairments.  ECF No. 7.  Because this Court agrees with

Plaintiff's fourth argument and finds the ALJ improperly applied the Grids, this case must be

reversed and remanded.

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age,

education, past work experience, and RFC in order to determine whether that claimant is disabled.

The Grids, however, cannot be mechanically applied in all cases.  *See Asher v. Bowen,* 837 F.2d 825,

827-28 (8th Cir. 1988).  If a claimant suffers from a significant nonexertional impairment that

diminishes that claimant's ability to perform a full range of work (sedentary or otherwise), then the

ALJ may not rely upon the Grids.  *See Sanders v. Sullivan,* 983 F.2d 822, 823-24 (8th Cir. 1992).

Instead, the ALJ must rely upon the testimony of a vocational expert or other similar evidence to

determine whether the claimant is disabled.  *See id.*

In the present action, the ALJ recognized Plaintiff has a nonexertional limitation related to

her mental impairments.  (Tr. 12, Finding 4).  Specifically, the ALJ found Plaintiff "is limited to

work where interpersonal contact is routine but superficial, e.g. grocery checker." *Id.* Despite finding Plaintiff suffers from this nonexertional limitation, the ALJ still applied the Grids. (Tr. 16). The ALJ made this determination based upon his finding that Plaintiff's nonexertional limitation has "little or no effect on the occupational base of unskilled work at all exertional levels." *Id.*

A vocational expert did not assist the ALJ in making this determination that Plaintiff's nonexertional limitation does not erode her occupational base. Instead, the ALJ made this finding without any supporting evidence or testimony. This was improper because the ALJ has not supplied any evidence demonstrating that this nonexertional limitation should not be considered a "significant" limitation that diminishes Plaintiff's ability to perform a full range of unskilled work. Indeed, if this were such a "significant" nonexertional limitation, the Grids should not have been applied. *See Sanders,* 983 F.2d at 823-24. Accordingly, because it is unclear whether this nonexertional limitation is "significant," it was improper for the ALJ to mechanically apply the Grids, and this case must be reversed and remanded. *See id.*

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

        **ENTERED this 6th day of December 2012.**

                                                      /s/   Barry A. Bryant
                                                      HON. BARRY A. BRYANT
                                                      U.S. MAGISTRATE JUDGE